```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

MBSJ, INC., et al.,            :
                               :        NO. 1:06-CV-00613
                               :
       Plaintiffs,             :
                               :
    v.                         :        **OPINION AND ORDER**
                               :
ASHVIN PATEL, et al.,          :
                               :
                               :
       Defendants.             :

This matter is before the Court on Plaintiffs' Motion for Default Judgment (doc. 17), to which Defendants filed no response. In ruling on Plaintiffs' Motion, the Court has also considered Plaintiffs' Memorandum Showing Cause (doc. 16), filed in response to the Court's October 10, 2007 Order to Show Cause (doc. 14).

This case arises from the business transaction between the Plaintiff corporation MBJS, Inc., and its officers, which operate a hotel in Blue Ash, Ohio, and the Defendants, a consortium of investors (doc. 16). Plaintiffs allege that the lead investor, Defendant Ashvin Patel, improperly acquired $115,000 from the corporation between January 1998 through January 2001 (Id.). Plaintiffs further allege that Defendants' actions and inactions forced MSBJ, Inc., to divest itself of all of its assets (Id.). Plaintiffs seek restitution of $115,000, as well as $100,000 for damages arising from for breach of contract and/or tortious interference with prospective economic advantages (doc. 1).

Plaintiffs also request a declaratory judgment that their sale of all of their assets was not wrongful as to any of the Defendants (Id.).

In their Memorandum to Show Cause, Plaintiffs explain the genesis of this action, which they filed in response to an August 31, 2006 letter from an attorney characterizing the sale of MSBJ's assets as wrongful to Defendants (doc. 16). Plaintiffs served the Complaint upon the Defendants with waivers of service, none of which were returned (Id.). By March 2007, Plaintiffs managed to serve three out of four of the named Defendants, but were unable to serve Ashvin Patel (Id.). Plaintiffs, however, note that Vimal Patel is the "financially responsible" Defendant, and thus any money judgment could be satisfied by such Defendant (Id.).

While seeking to prepare the motion for entry of default against the Defendants, Plaintiffs' counsel indicates he received a phone call from a lawyer, Sanjay K. Bhatt, who stated he represented all of the Defendants, including Ashvin Patel, and that he would file an answer after April 15, 2007 (Id.). Counsel avers that Mr. Bhatt never followed up on that telephone call, and did not return subsequent phone calls (Id.). In July, Counsel filed an application for entry of default (doc. 12), which the Clerk entered on July 11, 2007 (doc. 13). Shortly thereafter, Counsel received a phone call from a "Mohinder Surish," who explained that Mr. Bhatt was no longer handling the case, and requested more time to file an

answer (Id.). Plaintiffs' Counsel has been unable to contact Mr. Surish, who appears to not be an attorney, but rather the name of a television character (Id.). Plaintiffs' Counsel therefore explains the delay in this matter as attributable to the dilatory tactics of Defendants (Id.). Consequently, Plaintiffs request the Court enter an Order of Judgment by Default against Defendants Vimal Patel, Kiran Patel, and Mahendra Patel in the amount of $215,000.00, the amount Plaintiffs prayed for in the Complaint (doc. 17).

Having reviewed this matter, the Court finds Plaintiffs' unopposed motion well-taken. Inasmuch as the Clerk has entered an entry of default, the posture of this case is such that the Court can properly enter judgment against Defendants for the sum certain which Plaintiffs seek. Fed. R. Civ. P. 55(b). The actions of Defendants show they are ignoring Plaintiffs' Complaint, that they are in default, they are not defending this action, and that entry of default judgment is appropriate. Id. Plaintiffs' Memorandum demonstrates Defendants have acted in an outrageous manner with respect to this action, and as such, the Court finds default judgment, for the sum certain of $215,000.00 appropriate and in the interests of justice.

Accordingly, the Court GRANTS Plaintiffs' Motion for Default Judgment (doc. 17), and ENTERS Default Judgment against Defendants Vimal Patel, Kiran Patel, and Mahendra Patel in the

amount of $215,000.00, with interest.  The Clerk is directed to serve copies of this Order to the Defendants at the addresses where their summons were returned executed.

    SO ORDERED.

Dated: April 22, 2008        <u>/s/ S. Arthur Spiegel</u>

                                S. Arthur Spiegel
                                United States Senior District Judge